**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JACQUELINE NICHOLE FARNETTI, <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. 1:17-cv-0052-BAM <br><br> **ORDER REVERSING AGENCY'S DENIAL OF BENEFITS AND ORDERING REMAND** |

**I.  INTRODUCTION**

Plaintiff Jacqueline Farnetti ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for supplemental security income ("SSI") pursuant to Title XVI of the Social Security Act. The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to Magistrate Judge Barbara A. McAuliffe.[1] Having carefully considered the parties' briefs as well as the entire record in this case, the Court finds that the Administrative Law Judge ("ALJ") erred in weighing the medical evidence. Accordingly, the ALJ's decision is REVERSED and the case REMANDED for further proceedings consistent with this Order.

---

[1]  The parties consented to the jurisdiction of a United States Magistrate Judge Barbara A. McAuliffe. (Docs. 7, 8).

1

## II.     BACKGROUND

Plaintiff applied for benefits on June 10, 2013, alleging disability beginning August 17, 2012, due to depression, breathing problems, anxiety, panic attacks, emphysema, and back pain. AR 198-199, 220. Her application was denied initially and on reconsideration. AR 121-123. On June 23, 2016, a hearing was held before Administrative Law Judge ("ALJ") Edward C. Graham. Plaintiff appeared and testified along with her attorney. AR 30-49. The ALJ also heard testimony from Kristan Cicero, a vocational expert. AR 53.

In a decision dated July 18, 2016, the ALJ found that Plaintiff was not disabled because, despite some impairment, Plaintiff retained the residual functional capacity (RFC) to perform the full range of light work with some hazard precautions. AR 24. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final determination for purposes of judicial review. AR 1-6. This appeal followed.

## III.    STANARD OF REVIEW

### 1.    Scope of Review

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act. In reviewing findings of fact with respect to such determinations, this Court must determine whether the decision of the Commissioner is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The record as a whole must be considered, weighing both the evidence that supports and the evidence that detracts from the Commission's conclusion. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). In weighing the evidence and making findings, the Commissioner must apply the proper legal standards. *E.g., Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988). This Court must uphold the Commissioner's determination that the claimant is not disabled if the Commissioner applied the proper legal standards, and if the Commissioner's findings are supported by substantial evidence. *See Sanchez v. Sec'y of Health and Human Serv.*, 812 F.2d 509, 510 (9th Cir. 1987).

### 2. Disability Standard

In order to qualify for benefits, a claimant must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). A claimant must show that he or she has a physical or mental impairment of such severity that he or she is not only unable to do his or her previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989). The burden is on the claimant to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990).

### 3. The ALJ's Decision

Using the Social Security Administration's five-step sequential evaluation process, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 10, 2013, the application date. AR 21. The ALJ identified: cervicalgia, degenerative disc disease of the lumbar spine, chronic obstructive pulmonary disease (COPD) with chronic tobacco use disorder and generalized anxiety disorder as severe impairments. AR 21. Nonetheless, the ALJ determined that the severity of Plaintiff's impairments did not meet or medically equal the severity of any of the listed impairments. AR 21.

Based on his review of the entire record, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform the full range of light work with some hazard precautions. AR 21. The ALJ further found that Plaintiff can understand and remember tasks, sustain concentration and persistence, and socially interact with the general public, co-workers and supervisors. She can also adapt to workplace changes frequently enough to perform unskilled low stress jobs that require simple instructions. AR 24.

The ALJ found that Plaintiff had no past relevant work, however given Plaintiff's age, education, work experience, and RFC, there were jobs existing in significant numbers in the national economy that she could perform. AR 31.

## IV. DISCUSSION [2]

Plaintiff offers a single argument in support of her claim that the Commissioner's decision should be reversed. Plaintiff contends that the ALJ failed to properly credit the examining opinion of psychologist Sherri Love, Psy. D. (Doc. 15 at 8). Specifically, Plaintiff argues that the ALJ failed to give specific and legitimate reasons for implicitly rejecting Dr. Love's findings that Plaintiff is (1) "moderately impaired in the ability to respond appropriately to usual work situations, including safety and attendance" and (2) that her "depressed mood may cause inconsistency in performance and attendance." AR 360. Plaintiff does not challenge the ALJ's assessment of her physical impairments or her credibility.

### 1. Whether the ALJ Erred in Evaluating the Opinion of Plaintiff's Examining Physician

On November 19, 2013, Dr. Love conducted a comprehensive psychiatric evaluation of Plaintiff. AR 356. The mental status examination showed Plaintiff was adequately groomed and her clothing was casual and appropriate for weather and situation. She was cooperative and her eye contact was adequate. There were no abnormal movements noted. Her stream of mental activity was within normal limits and her speech was normal in volume, rate, and tone. Her articulation was clear. Plaintiff's thought content was coherent and there were no indications of abnormal thought processes. Plaintiff denied ever having auditory or visual hallucinations and she denied having active suicidal or homicidal ideation. AR 358.

Dr. Love diagnosed Plaintiff with a mood disorder. AR 359. She found that Plaintiff had no impairment in her ability to understand, carry out, and remember simple instructions. AR 360. Plaintiff also had no impairment in her ability to perform work activities without special modifications or additional supervision. AR 360. She has a mild impairment in the ability to respond appropriately to coworkers, supervisors, the public and deal with changes in a routine setting. She is however moderately impaired in her ability to respond appropriately to usual work situations, including attendance and safety and her depressed mood may cause inconsistency in performance and attendance. AR 360.

---

[2] The parties are advised that this Court has carefully reviewed and considered all of the briefs, including arguments, points and authorities, declarations, and/or exhibits. Any omission of a reference to any specific argument or brief is not to be construed that the Court did not consider the argument or brief.

4

The ALJ did not specifically indicate the weight he assigned to Dr. Love's opinion, but he stated that "the opinion of Dr. Love…is given weight, to the extent, th[is] opinion is consistent with the clinical signs, observation of the claimant during the psychological evaluation, and the claimant's residual functional capacity. AR 23. Plaintiff argues and the Commissioner concedes, the ALJ "endorsed" Dr. Love's opinion affording it significant weight. (Doc. 15 at 8); (Doc. 16 at 8). Although, the ALJ purportedly gave significant "weight" to the opinion of Dr. Love, the ALJ failed to include Dr. Love's findings that Plaintiff has moderate limitations in the ability to respond appropriately to usual work situations like safety and attendance in the RFC assessment.

Plaintiff's contention that the ALJ could not overlook Dr. Love's limitations regarding her attendance and work performance without providing specific and legitimate reasons is consistent with persuasive Ninth Circuit authority and the Commissioner's regulations. *See* SSR 96-8p, 1996 SSR LEXIS 5; *see also Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (ALJs do not need to discuss all of the evidence presented, but must explain the rejection of significant probative evidence).

In an unpublished opinion, the Ninth Circuit, reversing an Eastern District Court decision, found that the ALJ erred in rejecting an examining consultant's opinion that the claimant was moderately impaired in the ability to maintain regular attendance and sustain an ordinary work routine without discussing or analyzing those limitations. *See Morinskey v. Astrue*, 458 Fed. Appx. 640, 641 (9th Cir. 2011) (finding that the ALJ erred by failing to analyze or make findings setting forth specific, legitimate reasons for rejecting the examining consultant's opinion that the claimant was moderately impaired in the ability to maintain regular attendance, sustain an ordinary routine, and complete a normal work day or workweek without interruption from his bi-polar disorder); *see e.g. Raymond v. Berryhill*, No. 5:16-cv-01112-SHK, 2018 U.S. Dist. LEXIS 130167, 2018 WL 3691842, at *6 (C.D. Cal. Aug. 8, 2018) (reversing ALJ's decision where ALJ failed to provide specific and legitimate reasons for implicitly rejecting the consultative examiner's opinion that Plaintiff is moderately impaired in his ability to maintain consistent attendance and to perform routine work duties); *Lewis v. Berryhill*, No. 5:16-CV-01754-GJS, 2017 U.S. Dist. LEXIS 70987, 2017 WL 1903103, at *3 (C.D. Cal. May 9, 2017) ("Although the ALJ purportedly gave great weight to [the consultative examiner's] opinion, the ALJ failed to explain why he did not include in the RFC assessment [the consultative examiner's] findings

5

that Plaintiff has moderate limitations in the ability to perform routine work duties, maintain consistent attendance in the workplace, and respond appropriately to usual work situations.").

The controverted opinion of an examining psychologist, such as Dr. Love, can be rejected only for specific and legitimate reasons that are supported by substantial evidence in the record. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (if the opinion of an examining physician is contradicted by the opinion of another doctor, it may nevertheless be rejected only 'for specific and legitimate reasons that are supported by substantial evidence in the record.) Because the ALJ did not provide any reasons for rejecting the limitations assessed by Dr. Love, the Court finds the ALJ's assessment of Plaintiff's RFC is not supported by substantial evidence.

The Commissioner responds that the Court can infer that the ALJ addressed all of Dr. Love's limitations because Plaintiff's moderate mental limitations were adequately captured by the ALJ's restriction to "unskilled low stress jobs that require simple instructions." (Doc. 16 at 8). The Court disagrees. In *Morinskey*, the Ninth Circuit authority cited above, the Court explicitly stated that an ALJ's failure to address moderate limitations in attendance is not remedied by an "ALJ's restriction to a 'low stress job'" or other implied rationales like an ALJ's finding of significant daily activities. *See Morinskey,* 458 Fed. Appx. at 641 (rejecting the District Court's attempt to "give the ALJ the benefit of the doubt by reading between the lines of the ALJ's discussion of daily activities" and restriction of Plaintiff to a "low stress job"). Despite the logic in the Commissioner's argument, the ALJ is required to explain, not merely consider, the weight given to Dr. Love's opinion.

The Commissioner further argues that "moderate" limitations in various areas of functioning, such as in the ability to maintain regular attendance or to respond appropriately to work situations as a result of a depressed mood is not considered sufficiently severe to impact an individual's ability to perform work. (Doc. 16 at 6). While Dr. Love's findings of moderate limitations do not necessarily indicate that Plaintiff is unable to perform all work activity, the ALJ's RFC assessment did not adequately reflect all the limitations that were identified by Dr. Love. Because the ALJ did not offer any specific explanation as to why he implicitly rejected Dr. Love's findings, the ALJ's RFC assessment is not supported by substantial evidence. *See Vincent*, 739 F.2d at 1394–95; s*ee also Regennitter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294, 1298–99 (9th Cir. 1999). This error warrants reversal.

### 2. Remand is Required

The decision whether to remand for further proceedings or order an immediate award of benefits is within the Court's discretion. *See Harman v. Apfel*, 211 F.3d 1172, 1175-78 (9th Cir. 2000). When no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *Id.* at 1179 ("the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings"). But when there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. *Id.*

The Court finds that remand is appropriate because the circumstances of this case suggest that further administrative review could remedy the ALJ's errors. *See INS v. Ventura*, 537 U.S. 12, 16 (2002) (upon reversal of an administrative determination, the proper course is remand for additional agency investigation or explanation, "except in rare circumstances"); *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014) (remand for award of benefits is inappropriate where "there is conflicting evidence, and not all essential factual issues have been resolved"); *Harman*, 211 F.3d at 1180–81.

## V. CONCLUSION

Based on the foregoing, the Court finds that the ALJ's failure to properly weigh the medical evidence warrants remand. Accordingly, the decision is **REVERSED** and the case **REMANDED** to the ALJ for further proceedings. On remand to the Social Security Administration, the ALJ should reconsider the medical evidence and explain his reasons for accepting or rejecting the medical opinion of Dr. Love. The ALJ shall then proceed through steps four and five to determine what work, if any, Plaintiff is or was capable of performing and for what period of time. If deemed necessary, the Commissioner may hold a further hearing and receive additional evidence to address any additional issues.

///

///

///

The Clerk of the Court is **DIRECTED** to enter judgment in favor of Plaintiff Jaqueline Farnetti, and against Defendant, Nancy A. Berryhill, Acting Commissioner of Social Security.

IT IS SO ORDERED.

Dated: **August 28, 2018**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE